J-S11004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN EDWARD GIBSON | : | |
| | : | |
| Appellant | : | No. 1610 WDA 2018 |

Appeal from the PCRA Order Entered October 11, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001103-2010, CP-07-CR-0001826-2009

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 19, 2021**

Shawn Edward Gibson (Appellant) appeals from the order granting in part and dismissing in part his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 29, 2011, a jury convicted Appellant of possession with intent to deliver cocaine, possession, tampering with evidence, possession of drug paraphernalia, and conspiracy.  *See Commonwealth v. Gibson*, 2013 WL 11251595, at 1 (Pa. Super. filed Oct. 17, 2013) (unpublished memorandum noting "charges at CR–1826–2009 arose following the execution of a search warrant on July 22, 2009 at [Appellant's] home. The charges at CR–1103–2010 stemmed from a controlled drug purchase on July 21, 2009.").

On February 28, 2012, the trial court sentenced Appellant to an aggregate five to ten years of imprisonment, followed by three years of probation.  This Court affirmed the judgment of sentence on direct appeal,

and Appellant did not petition for review with the Pennsylvania Supreme Court.

The docket indicates that on November 26, 2014, while incarcerated at SCI Pine Grove, Appellant *pro se* filed a PCRA petition raising claims that trial counsel erred by (1) failing to file a suppression motion; and (2) failing to give notice of Appellant's alibi witnesses. *Pro Se* PCRA Petition, 11/26/14, at 3. The record does not contain proof of mailing from SCI Pine Grove, and Appellant did not did not invoke a statutory exception to the one-year time bar.

On June 9, 2015, the PCRA court appointed counsel, who filed an amended petition on January 13, 2016, raising the aforementioned claims, as well as a third claim that direct appeal counsel was ineffective for failing to challenge Appellant's sentence under *Alleyne v. United States*, 570 U.S. 99 (2013). The counseled petition did not invoke an exception to the one-year time bar.[1]

On July 3, 2017, the PCRA court convened a hearing, but trial counsel and Appellant's other witnesses did not appear. Thereafter, the PCRA court entered an order stating that the Commonwealth agreed Appellant was "entitled to the benefit of a re-sentencing under *Alleyne*." Order, 7/3/17. The court also stated that its order was interim in nature. It held an

---

[1] Throughout these proceedings, the PCRA court and Commonwealth have treated Appellant's petition as timely filed.

evidentiary hearing on October 11, 2018, when both Appellant and trial counsel testified. The PCRA court then issued an order granting relief "as to resentencing under **Alleyne**," and denied relief "in all other aspects." Order, 10/11/18. The PCRA court noted that Appellant declined to withdraw his petition despite recognizing he was "entitled to an **Alleyne** resentencing that will most likely result in his release." **Id.** The court also stated that Appellant may file "an appeal" to this Court. **Id.** at 2. This is the order from which Appellant appeals.[2]

### Walker

At CR-1826-2009, Appellant timely filed a *pro se* notice of appeal listing both docket numbers. The certified record and docket for CR-1826-2009 reflect Appellant's notice of appeal. The docket for CR-1103-2010 also includes an entry for Appellant's notice of appeal, but the certified record for CR-1103-2010 does not include a notice of appeal.

On November 7, 2019, this Court issued a rule to show cause as to why this appeal should not be quashed due to Appellant's failure to comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Appellant did not file a response. This Court discharged the rule and referred the matter to this

---

[2] In his brief filed with this Court on January 22, 2020, Appellant states he is "currently out on bail awaiting resentencing after this Court's determination on appeal." Appellant's Brief at 4.

merits panel. Accordingly, we address whether Appellant's appeal is properly before us.

In **Walker**, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. "The failure to do so requires the appellate court to quash the appeal." **Id.** at 977.

However, this Court has recognized that the failure to file separate notices of appeal may be excused where there was a breakdown in the operation of the court. **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). In **Stansbury**, the order being appealed contained multiple docket numbers and the court had advised the appellant "that he has thirty days from this day, to file **a** written **notice** of appeal to the Superior Court." **Id.** at 159 (emphasis in original). We concluded that the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any **Walker** defect. **Id.** at 160.

Here, similar to **Stansbury**, the PCRA court order stated that Appellant had the right to "file an appeal," and did not advise Appellant he must file separate notices of appeal pursuant to **Walker**. Order, 10/11/18, at 2; **see also** N.T., 10/11/18, at 63 (PCRA court addressing Appellant and counsel, "if you want to file an appeal . . . "). Under these circumstances, we conclude the PCRA court's failure to properly advise Appellant of his appellate rights

- 4 -

constitutes "a breakdown in court operations such that we may overlook."

**Stansbury**, 219 A.3d at 160. We thus proceed to the merits of the issues

Appellant presents for our review:

> 1. Did the trial court err in denying Appellant's claims of ineffective assistance of counsel for failing to file a motion to suppress the evidence seized by the search warrant?
>
> 2. Did the trial court err in denying Appellant's claims of ineffective assistance of counsel for failing to call alibi witnesses?

Appellant's Brief at 6.

Our standard of review for the dismissal of a PCRA petition is limited to

"whether the record supports the PCRA court's determination and whether the

PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90

A.3d 1, 4 (Pa. Super. 2014) (citation omitted). It is well-settled that "the

timeliness of a PCRA petition is a jurisdictional [pre-]requisite."

**Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation

omitted). "A PCRA petition, including a second or subsequent petition, shall

be filed within one year of the date the underlying judgment becomes final."

**Id.** (citing 42 Pa.C.S.A. § 9545(b)(1)).

## Timeliness

A judgment of sentence is final "at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." **Id.** (quoting 42 Pa.C.S.A. § 9545(b)(3)). We may consider a

PCRA petition filed more than one year after a judgment of sentence becomes

final only if the petitioner pleads and proves any one of three statutory exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within the date that the claim could have been first brought, the court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). "It is also settled that *Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition." *Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa. Super. 2015) (emphasis in original) (citing *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014)).

This Court affirmed Appellant's judgment of sentence on October 17, 2013. *See Gibson*, 2013 WL 11251595, at 1. Appellant did not seek allowance of appeal with our Supreme Court. Therefore, his judgment of sentence became final on Monday, November 18, 2013, which was the expiration of the 30-day review period. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation").

Consistent with the foregoing, Appellant had until November 18, 2014, to timely file his petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As the record reflects that Appellant's *pro se* petition was docketed November 26, 2014 —

although without a postmarked envelope or other proof of mailing — the petition is facially untimely by eight days (including the weekend).

Appellant's petition is a completed DC-198 form provided to prisoners; although there is a signature line signed by Appellant, there is no date line. The first page lists Appellant's inmate number and address as SCI Pine Grove in Indiana, Pennsylvania. It is stamped by the Blair County Prothonotary: "FILED 2014 NOV 26 A[M] 9:44." Also, the petition is stamped and signed:

"SIGNATURE"     Richard A. Consiglio
"DATE"              11-26-14

Richard A. Consiglio was the Blair County District Attorney at the time, and his signature appears in blue ink, as does the handwritten "11-26-14."

Appellant had until Tuesday, November 18, 2014 to file a timely PCRA petition. The Rules of Appellate Procedure address filing and service by incarcerated individuals as follows:

> **(f) Date of filing for incarcerated persons.**--A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or **the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence**.

Pa.R.A.P. 121 (emphasis added).

Our Supreme Court, addressing the prisoner mailbox rule in the context timely notices of appeal, explained:

> [W]e [have taken] notice of the special circumstances of an appellant who is incarcerated at the time of his appeal and who

- 7 -

acts *pro se*. We found the following language of the United States Supreme Court instructive:

> The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline. Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.

> ***Houston v. Lack***, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245, 251–52 (1988). In ***Lack***, the Supreme Court deemed a *pro se* prisoner's appeal filed as of the date he or she delivers it to the prison authorities for mailing.

***Commonwealth v. Jones***, 700 A.2d 423, 425 (Pa. 1997).

It is undisputed that in November 2014, Appellant was incarcerated outside of Blair County at SCI Pine Grove. His *pro se* petition is time-stamped and docketed only eight days (including the weekend) late on the morning of November 26, 2014 by the Blair County Prothonotary. Also, the petition bears the signature and same date, "11-26-14," of the Blair County District Attorney. It thus appears Appellant delivered his PCRA petition to prison

- 8 -

authorities in advance of November 26th, and quite possibly by November 18, 2014, such that it would be timely. However, because the record does not include the petition's envelope, postmark or any proof of mailing, we are once again presented with a deficiency which constitutes a breakdown in the operation of the court as it relates to the filing of Appellant's petition, where the postmarked prison envelope is absent from the record despite the petition arriving from SCI Pine Grove.[3] Therefore, like the PCRA court and the Commonwealth, we address Appellant's substantive claims.

**Substantive Claims**

In both of his issues, Appellant assails the representation of trial counsel. The law is well-settled:

> "To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different." ***Commonwealth v. Treiber***, 632 Pa. 449, 121 A.3d 435, 445 (2015) (citation omitted). We presume that counsel has rendered effective assistance. ***See id.*** Counsel cannot be found ineffective for failing to raise a baseless or meritless claim. ***See id.***

***Commonwealth v. Epps***, 240 A.3d 640, 645 (Pa. Super. 2020).

---

[3] Remanding for the PCRA court to resolve or make a determination as to timeliness would be particularly challenging given that the PCRA court would have to construct a timeline from of what transpired more than six years ago between SCI Pine Grove and the Blair County Prothonotary. Further, Appellant is the one likely available and verifiable source, who would presumably aver that he timely delivered the petition to prison authorities.

In concluding that Appellant's claims lacked merit, the PCRA court expressed its concern for judicial economy, stating:

> AND NOW, this 11th day of October 2018, the Court has concluded the evidentiary hearing portion of the PCRA. This Court normally would take several months to write an Opinion but the simple facts are that [Appellant] who had earlier made the decision not to withdraw his PCRA is entitled to an *Alleyne* resentencing that will most likely result in his release.
>
> The Court believes [trial counsel's] testimony and finds it much more credible than [Appellant's]. . . .

Order, 10/11/18, at 1.

Based on credibility determinations, the PCRA court found that trial counsel, Joel Peppetti, "exercised every due diligence in his discretion to file a Suppression Motion and to challenge the search warrant." *Id.* The court also concluded counsel "adequately explained" his "failure to call alibi witnesses." *Id.* The law is unequivocal that "we are bound by the PCRA court's credibility decisions." *Commonwealth v. Stewart*, 84 A.3d 701, 708 (Pa. Super. 2013) (*en banc*).[4]

Attorney Peppetti testified to being an experienced criminal defense attorney, who practiced criminal law since being licensed in 2004, and whose

---

[4] At the close of the hearing, the court advised Appellant that his "argument has little to no merit, certainly not to overturn your conviction." N.T., 10/11/18, at 63. The court also advised Appellant's counsel of its "intent in [granting partial relief for resentencing] for your client's benefit." *Id.* The court continued, "I believe Joel Peppetti. I think that all the aspects other than *Alleyne* have no merit and if you want to file an appeal, that will just merely delay this." *Id.*

experience included prior employment as a public defender, and certification to handle capital murder cases. N.T., 10/11/18, at 36.

In his first issue, Appellant argues Attorney Peppetti should have filed a motion to suppress drugs recovered after a search warrant was executed at Appellant's residence, because "the search warrant was issued without probable cause" and "there was no evidence" connecting an undercover drug buy to the house. Appellant's Brief at 7-10.

We recognize:

> the failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel. However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move. The defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable.

*Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016).

Trial counsel's testimony refutes Appellant's claim. Attorney Peppetti described being retained by Appellant, and filing multiple discovery motions "specifically in regard to the search warrant," because it was counsel's "position that determinations couldn't be made as to the viability of additional pre-trial motions without a complete disclosure of all mandatory discovery . . ." *Id.* at 41-42. Ultimately, Attorney Peppetti "believed based on my review of the affidavit that the affidavit itself based on the surveillance . . . contained adequate probable cause." *Id.* at 44. The PCRA court acted in its discretion in crediting Attorney Peppetti's testimony.

- 11 -

Appellant also assails trial counsel's failure "to call real alibi witnesses" – including a claim that one of the witnesses, Jordan Lee, would have testified in support of a motion to suppress the warrant to search Appellant's home by testifying Appellant "was simply not home" when a drug dealer entered his house. Appellant's Brief at 15.

A defense counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se*. **Commonwealth v. Cox**, 983 A.2d 666, 693 (Pa. 2009). "In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial." **Id.** at 693.

With regard to Jordan Lee, Attorney Peppetti did call Lee to testify, but as Appellant emphasizes, not as an alibi witness. Appellant disregards that he did not tell Attorney Peppetti that Jordan Lee's testimony would include an alibi until shortly before trial. As the Commonwealth states, "trial counsel offered a reasonable basis for failing to elicit alibi testimony from Jordan Lee, basis being that, through no fault of his own, trial counsel was made aware of potential alibi witnesses shortly before the trial and was unable to provide the notice required by the Pennsylvania Rules of Criminal Procedure." Commonwealth Brief at 9.

Attorney Peppetti testified to discussing "possible witnesses" with Appellant. **Id.** at 50. He continued:

I felt it was necessary to hire a private investigator to assist me in interviewing those witnesses and also in conducting some other investigation. At one point in time, we rode over – the private investigator and myself had driven over and did what I would call a site review. We looked at the scene and we looked at the residence and I hired a private investigator, Ed Linton, to interview some witnesses and investigate the case.

N.T., 10/11/18, at 50.

Attorney Peppetti explained that sometimes it "was difficult to get in touch" with Appellant, and "unfortunately a lot of information wasn't given to me until shortly before the time of trial." *Id.* at 51. He explained there were "witnesses who I believed would present testimony that was not consistent with our theory of the case or was not credible based on their family relationship with" Appellant. *Id.* at 52. However, Attorney Peppetti testified unequivocally that he "chose to present the witnesses that I believed were credible and consistent with our trial strategy." *Id.* He stated:

I filed every motion that was a viable pretrial motion to file, and I did everything I could possibly do to convince the jury [Appellant] was not guilty of these offenses. I don't believe that my performance was deficient. If it was, I certainly don't believe it would have changed the ultimate outcome of the case, but my recollection was that between [Appellant] and myself and the investigator that we hired, I did everything I possibly could for him.

N.T., 10/11/18, at 55-56.

The PCRA court credited this testimony. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


DATE:  2/19/2021